IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WALTER J. PAREDES,**

       **Plaintiff,**

  **vs.**
                       CIVIL ACTION
                       No. 08-3280-SAC

**UNITED STATES DEPARTMENT OF JUSTICE,
et al.,**

       **Defendants.**

**ORDER**

This matter is a civil action filed pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 (FTCA). Plaintiff, a prisoner in federal custody, proceeds pro se and in forma pauperis.

Plaintiff alleges that employees of the Federal Bureau of Prisons lost or mislaid his personal property during his assignment to the Special Housing Unit in the Federal Correctional Institution at Pekin, Illinois (FCI-Pekin) in November 2006.

Defendants have filed a motion seeking dismissal of this action for lack of subject matter jurisdiction and seeking the substitution of the United States as the sole defendant to this

action.

**Factual background**

Plaintiff filed an administrative claim under the FTCA on or about September 7, 2007, seeking $1,562.96 as compensation for his lost personal property. The administrative claim was denied on December 14, 2007. Plaintiff's motion for reconsideration was denied on February 8, 2008. He commenced this action on November 7, 2008.

## Discussion

**Substitution of the United States as sole proper defendant**

Plaintiff names the United States Department of Justice and the Bureau of Prisons as defendants. Defendants argue the United States must be substituted as the sole defendant under the governing statutes, and the plaintiff does not oppose this substitution.

The court agrees and will direct the clerk of the court to substitute the United States as the sole defendant to this action. *See Woodruff v. Covington,* 389 F.3d 1117, 1125-26 (10th Cir. 2004)("[a]n FTCA action against the United States is the sole remedy for any injury to person or property caused by the negligent or wrongful acts of a federal employee acting within the scope of his or her employment").

**Subject matter jurisdiction**

Defendants also move for the dismissal of this action pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure due to lack of subject matter jurisdiction.

Under the FTCA, the United States has provided a limited waiver of its sovereign immunity for "claims for ... personal injury ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

The FTCA "provides the exclusive avenue to assert a claim sounding in tort against the United States." *In re Franklin Savings Corp.,* 385 F.3d 1279, 1286 (10th Cir. 2004)(citing 28 U.S.C.A. § 2679(a)(the FTCA remedy is "exclusive" for "claims which are cognizable under section 1346(b)")).

The FTCA includes specific exemptions to its waiver of sovereign immunity. Defendants argue this matter must be dismissed for lack of subject matter jurisdiction due to an exemption for "[a]ny claim arising in respect of...the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer." 28 U.S.C. §2680(c). Section 2680(c) includes claims "arising out

of" the detention of property, and both negligent handling or storage. *Kosak v. United States*, 465 U.S. 848, 854 (1984).

In *Ali v. Federal Bureau of Prisons*, 552 U.S. 214 (2008), the United States Supreme Court held that Bureau of Prisons employees who allegedly lost a prisoner's personal property during his transfer to another institution were "law enforcement officers" within the statutory exception. *Ali*, 552 U.S. at ___, 128 S.Ct. 831, 841.[1]

Plaintiff's claim regarding the alleged loss or misplacement of his personal property by Bureau of Prisons officers falls squarely within the exemption established by 28 U.S.C. §2680(c), and this matter must be dismissed for lack of subject

---

[1] While plaintiff argues the defendant may not rely on *Ali* under ex post facto principles, this argument is not well-taken. First, "[t]he Constitution's explicit prohibition against ex post facto laws applies only to those laws that inflict criminal punishment." *United States v. Hampshire,* 95 F.3d 999, 1006 (10th Cir.1996), *citing United States Trust Co. of New York v. New Jersey,* 431 U.S. 1, 17 n. 13 (1977). The FTCA is not a criminal provision. In any event, a claim by plaintiff that the *Ali* decision should not be applied retroactively is without merit. The *Ali* decision resolved a split among the federal Circuits, and Tenth Circuit precedent prior to the *Ali* decision was entirely consistent with its holding. *See Young v. U.S.,* 148 Fed. Appx. 681 (10th Cir. 2005)(holding the district court lacked subject matter jurisdiction under the FTCA to consider federal prisoner's action to recover for property lost during his incarceration); *Rigsby v. U.S.* 91 Fed. Appx. 103 (10th Cir. 2004)(affirming dismissal for lack of subject matter jurisdiction where federal prisoner claimed prison officials lost his property).

4

matter jurisdiction.

IT IS, THEREFORE, BY THE COURT ORDERED defendants' motion to dismiss (Doc. 18) is granted.

Copies of this order shall be transmitted to the parties.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 22nd day of April, 2010.

        S/ Sam A. Crow
        SAM A. CROW
        United States Senior District Judge